UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

KEVIN ALLARDI,

      Plaintiff,

v.

BROWARD DONUTS LLC.,

      Defendant.

_____/

## COMPLAINT

Plaintiff, KEVIN ALLARDI (hereinafter, "Plaintiff"), by and through his undersigned attorney, hereby files this Complaint against Defendant, BROWARD DONUTS LLC., (hereinafter, "Defendant"). In support of his complaint, Plaintiff would state the following:

## JURISDICTION AND VENUE

1. This is an action for damages and other relief based on unlawful employment practices committed by Defendant and jurisdiction of this Court is invoked pursuant to the provisions under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Title VII), the Americans With Disabilities Act (ADA), the Americans with Disabilities Act Amendments Act (ADAAA) 42 U.S.C. §§ 12101 *et seq.*, Chapter 760, Florida Statutes (Florida Civil Rights Act or "FCRA") and Florida Statutes § 440.205.

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

1

3.  Venue is proper in the Southern District of Florida because Plaintiff was employed by Defendant in this District; because Defendant, at all material times, conducted and continue to conduct business in the Southern District of Florida; because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendant is subject to personal jurisdiction herein.

4.  Plaintiff says that all conditions precedent to the maintenance of this action have heretofore been performed or have been waived.

## PARTIES

5.  Plaintiff is a citizen of the United States and at all times pertinent to this complaint resided within the Southern District of Florida. Plaintiff is over the age of eighteen.

6.  Plaintiff is a member of a class protected under the Civil Rights Act, FCRA, ADA, and ADAAA in that he is a person with a disability as defined by those Acts.

7.  Defendant is a Florida corporation organized and existing under and by virtue of the laws of Florida and registered to do business within Florida. Defendant has its principal place of business in Naples, Florida. Defendant has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

8.  All the actions complained of herein took place at the Fort Lauderdale locations and within the Southern District of Florida.

9.  Defendant has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with the Title VII, ADA, ADAAA, FCRA.(42 U.S.C. §2000e(b); Fla. Stat. § 760.02(7)).

10. Plaintiff was an employee covered by Title VII, the ADA, the ADAAA and the FCRA in that he was subjected to dismissal from employment based on his disability and in retaliation for his disability and request for an accommodation.

11. Plaintiff alleges causes of action for violations of the Title VII, FCRA, ADA, and the ADAAA as a result of the Defendant's dismissal of Plaintiff from employment.

12. Plaintiff has exhausted all administrative remedies by filing a timely charge of discrimination ("Charge") against the Defendant with the Equal Employment Opportunity Commission which was dually filed with the Florida Commission on Human Relations.

13. Plaintiff's Charge was filed on November 2, 2015. The actions complained of herein occurred no more than 300 days before the date and/or continued from that date stemming from the same actions set forth in the Charge.

14. The last known date of any form of discriminatory conduct on Defendant's part against Plaintiff occurred on August 14, 2015.

15. Plaintiff was issued a Notice of Right to Sue on March 22, 2016 ("Notice").This suit is filed on accordance with that Notice and within the applicable 90-day time limitation (a copy of the Notice is attached hereto as Exhibit "A").

16. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charges.

## GENERAL ALLEGATIONS

17. Plaintiff was employed by Defendant from February 2, 2015 as a District/Area Manager overseeing six to seven Dunkin' Donuts stores owned by Defendant.

18. On or about May 13, 2015, ALLARDI was attacked by a customer while he was working at the Fort Lauderdale – Broward Blvd. location.

3

19. As a result of the attack, Plaintiff injured his back and eye. On or about May 14, 2015, Plaintiff sought workers' compensation benefits for reimbursement of medical bills in accordance with the provisions of the Workers' Compensation Law.

20. In July 2015, Plaintiff was diagnosed with depression because of the attack on May 13, 2015. Depression is a disability under the ADA, the ADAAA, and the FCRA in that it substantially impairs Plaintiff's ability to, at minimum, concentrate, evaluate, and communicate/interact with others. The ability to concentrate, evaluate, and communicate/interact with others are considered "major life activities" as defined by the ADA and ADAAA. As a result, ALLARDI was placed on antidepressants by his doctor.

21. Shortly after being put on antidepressants, Plaintiff informed his boss, Michael Koroghlian, of his condition.

22. As a result of the attack and subsequent diagnosis of depression, Plaintiff requested a transfer to another location as an accommodation. Working at the Fort Lauderdale – Broward Blvd. location exacerbated ALLARDI's depression since he was attacked by a customer at this location.

23. Plaintiff made this request of Michael Koroghlian in mid-July 2015. Koroghlian denied Plaintiff's accommodation request despite Plaintiff's offer to manage more stores if the Fort Lauderdale – Broward Blvd. location was removed from his responsibilities.

24. ALLARDI's request was denied. Plaintiff continued working at the Fort Lauderdale – Broward Blvd. location until August 14, 2015.

25. On or about August 14, 2015, ALLARDI was terminated without prior notice or warning from his employer.

26. Plaintiff, throughout his tenure with Defendant, had a satisfactory work record. He was not disciplined during the course of his employment and was at all times qualified for his position as District/Area Manager in that he performed his duties to the satisfaction of his supervisor and had received positive recommendations from his supervisor prior to Plaintiff's termination.

27. Defendant advised Plaintiff that the relationship "was not working out" and that Plaintiff was no longer needed.

28. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

29. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

### COUNT ONE—DISABILITY DISCRIMINATION UNDER THE ADA AND ADAAA

30. Plaintiff incorporates herein the allegations contained in paragraphs 1–29,  inclusive, as though same were fully re-written, and says:

31. Plaintiff is disabled as he suffers from depression, which is an impairment that substantially limits one or more major life activities; to wit:  concentrating, evaluating, and communicating/interacting with others.

32. Plaintiff was at all times qualified to perform the essential functions of his job as a District/Area manager with or without a proposed reasonable accommodation. ALLARDI is therefore a "qualified individual" as that term is defined in the Americans with Disabilities Act Amendments Act (ADAAA), § 101(8) (42 U.S.C. § 12111(8)).

33. The ADA and the ADAAA prohibit employers from taking adverse employment action against an employee as a result of his actual disability, as a result of an employee's record of

having such disability, and/or because the employer regards the employee as disabled, and further requires employers to reasonably accommodate the actual disabilities and/or records of such disabilities of their employees.

34. The adverse treatment to which ALLARDI was subjected by Defendant, including but not limited to, Plaintiff's termination, as set forth above, was the direct and proximate result of Plaintiff's actual disability, which substantially limited him in one or more major life activity to wit: concentration, evaluation, and communication/interaction with others; and/or Plaintiff's record of having such disability.

35. Defendant's alleged bases for its adverse treatment of ALLARDI, if any, are pretextual and asserted only to cover up the discriminatory nature of its conduct.

36. Defendant's stated reason for terminating—that Plaintiff was no longer needed—is not based on any known facts in this case.

37. Even if Defendant could assert legitimate reasons for its adverse treatment of Plaintiff, which reasons it did not/does not have, Plaintiff's actual disability and/or Plaintiff's record of having such a disability were also motivating factors for Defendant's adverse treatment of Plaintiff.

38. Defendant engaged in unlawful employment practices in violation of 42 USC §2000e-2 by discriminating against Plaintiff because of his disability by terminating him because of his condition under the circumstances described above.

39. Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, lost wages and benefits, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

6

40. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Michael Koroghlian and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

41. Defendant's alleged reason(s) terminating Plaintiff (if any) are pretextual as described above.

WHEREFORE, Plaintiff KEVIN ALLARDI requests that this court enter judgment against Defendant for:

a) Actual damages as a result of Defendant's discriminatory actions;

b) Punitive damages due to Defendant's willful behavior;

c) Compensatory damages;

d) Injunctive relief where feasible;

e) Attorney's fees;

f) Costs of this action; and

g) Any other relief this Court deems proper.

### COUNT TWO—FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA AND ADAAA

42. Plaintiff incorporates herein the allegations contained in paragraphs 1–29, inclusive, as though same were fully re-written, and says:

43. Plaintiff is disabled as he suffers from depression which is an impairment which substantially limits one or more major life activities; to wit: concentrating, evaluating, and communicating/interacting with others.

7

44. Plaintiff is, and at all times was, qualified to perform the essential functions of his job as a District/Area Manager with or without a proposed reasonable accommodation in that he never received a negative review or appraisal and was recommended and praised by his supervisor prior to his diagnosis in mid-July 2015.

45. ALLARDI is therefore a "qualified individual" as that term is defined in the Americans With Disabilities Act, as amended ("ADAAA") § 101(8) (42 U.S.C. § 12111(8)).

46. Defendant failed to provide Plaintiff with a reasonable accommodation as that term is defined in the ADAAA, § 101(9). At the time of his diagnosis, Plaintiff was assigned to manage the Fort Lauderdale – Broward Blvd. location. This location was a particularly difficult location to work at due to crime in the area.

47. It was at this location where ALLARDI was attacked which caused Plaintiff to be diagnosed with depression. Working at this location, therefore, exacerbated Plaintiff's depression. As such, Plaintiff requested that he be transferred to another one of the many locations owned by Defendant.

48. Plaintiff made this request to Michael Koroghlian in mid-July 2015.

49. This request was reasonable and would not have caused Defendant undue hardship in that Defendant had a manager in place at the Fort Lauderdale – Broward Blvd. location and that location would not have been understaffed.

50. As a result of Defendant's actions, ALLARDI has suffered damages in an amount to be proven at the time of the trial of this cause.

51. Plaintiff is informed, believes and alleges that pursuant to ADAAA § 107(a) (42 U.S.C. § 12117(a)), Plaintiff is entitled to damages because of Defendant's willful conduct in denying his request.

8

WHEREFORE, Plaintiff KEVIN ALLARDI requests judgment against Defendant as follows:

a)   Actual damages as a result of Defendant's discriminatory actions;

b)   Punitive damages due to Defendant's willful behavior;

c)   Compensatory damages;

d)   Injunctive relief where feasible;

e)   Attorney's fees;

f)   Costs of this action; and

g)   Any other relief this Court deems proper.

## COUNT THREE—VIOLATION OF THE ADA AND ADAAA (RETALIATION)

52. Plaintiff incorporates herein the allegations contained in paragraphs 1–29, inclusive, as though same were fully re-written, and says:

53. ALLARDI requested a reasonable accommodation in mid-July 2015 for his disability. This request was made to Michael Koroghlian who knew of ALLARDI's disability.

54. Specifically, ALLARDI requested to transfer to another store as he had been attacked by a customer at the store where he was assigned and suffered physical injuries. As a result of this attack, ALLARDI was diagnosed with depression.

55. Depression is a disability under the ADA and ADAAA.

56. As a direct result of ALLARDI's request for a reasonable accommodation, Plaintiff was terminated by Defendant on August 14, 2015 without valid reason.

57. Plaintiff's termination constitutes an adverse employment action under the ADA and ADAAA.

58. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under the ADA and ADAAA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Michael Koroghlian and/or other employees. Therefore, ALLARDI is also entitled to punitive damages from Defendant in a sum according to proof at trial.

59. Defendant's stated reason(s) for terminating Plaintiff is pretextual.

WHEREFORE, Plaintiff KEVIN ALLARDI requests that:

a) The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the ADA and ADAAA.

b) The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

c) The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT FOUR —HANDICAP/DISABILITY DISCRIMINATION UNDER THE FCRA

60. Plaintiff incorporates herein the allegations contained in paragraphs 1–29,  inclusive, as though same were fully re-written, and says:

61. Section 760.10 of the FCRA states in relevant part:

(1) it is unlawful employment practice for an employer:
(a) to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, natural origin, age, handicap, or marital status.

10

62. The FCRA accordingly prohibits employers from taking adverse employment action against an employee as a result of his actual handicap/disability, as a result of an employee's record of having such handicap/disability, and/or because the employer regards the employee as handicapped/disabled, and further requires employers to reasonably accommodate the actual handicaps/disabilities and/or records of such handicaps/disabilities of their employees.

63. Specifically, ALLARDI alleges that: (1) he was terminated due to his actual disability (depression), and (2) Defendant wrongfully denied his reasonable request to transfer to another location as an accommodation to his disability.

64. The adverse and disparate treatment to which ALLARDI was subjected by Defendant, including but not limited to, Plaintiff's termination, and Defendant's failure to accommodate, all set forth above, as set forth above, was the direct and proximate result of Plaintiff's actual disability, which substantially limited him in one or more major life activities, and/or Plaintiff's record of having such disability.

65. Defendant's alleged bases for its adverse treatment of Plaintiff, including, but not limited to, ALLARDI's termination, and Defendant's failure to accommodate, all set forth above, if any, are pretextual and asserted only to cover up the discriminatory nature of its conduct.

66. Even if Defendant could assert legitimate reasons for its adverse and disparate treatment of ALLARDI, including, but not limited to, Plaintiff's termination, and Defendant's failure to accommodate, all set forth above, which reasons it did not/does not have, Plaintiff's actual handicap(s)/disability and/or Plaintiff's record of having such a disability were also motivating factors for Defendant's adverse treatment of Plaintiff.

67. As a result of the discriminatory conduct to which Plaintiff was subjected, ALLARDI has experienced, and will continue to experience, significant financial and economic loss in the form

11

of lost wages. Plaintiff has also experienced, and will continue to experience, emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages, lost wages, back pay, interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

68. ALLARDI, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Michael Koroghlian and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

69. Defendant's alleged reason(s) terminating Plaintiff (if any) are pretextual as described above.

70. Plaintiff further seeks his attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff KEVIN ALLARDI requests judgment against Defendant as follows:

 a) an award of economic damages including lost wages, back pay, interest, front pay, and the value and/or economic impact of lost benefits;

 b) compensatory damages;

 c) punitive damages;

 d) attorney's fees and costs; and

 e) any other award this Court deems necessary.

## <u>COUNT FIVE – VIOLATION OF THE FCRA</u><br><u>(RETALIATION)</u>

71. Plaintiff re-alleges and re-avers paragraphs 1-29 as though full set forth herein.

72. Plaintiff brings this claim under the Florida Civil Rights Act, Florida Statutes § 760.01 *et seq.* for Defendant's retaliatory conduct.

73. In mid-July 2015, ALLARDI made a request for a reasonable accommodation for his disability.

74. This request was a protected activity under the FCRA.

75. As a direct result of ALLARDI's request, Defendant terminated Plaintiff without valid cause.

76. ALLARDI's request for a reasonable accommodation of his disability was a motivating factor in Defendnat's decision to terminated Plaintiff.

77. Defendant knew of ALLARDI's disability and his request as ALLARDI made this request to Michael Koroghlian who is the owner of Defendant corporation.

78. As a result of the discriminatory conduct to which Plaintiff was subjected, ALLARDI has experienced, and will continue to experience, significant financial and economic loss in the form of lost wages. Plaintiff has also experienced, and will continue to experience, emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages, lost wages, back pay, interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

79. ALLARDI, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Michael Koroghlian and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

80. Defendant's alleged reason(s) terminating Plaintiff (if any) are pretextual as described above.

81. Plaintiff further seeks his attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff KEVIN ALLARDI requests judgment against Defendant as follows:

a)  an award of economic damages including lost wages, back pay, interest, front pay, and the value and/or economic impact of lost benefits;

b)  compensatory damages;

c)  punitive damages;

d)  attorney's fees and costs; and

e)  any other award this Court deems necessary.

## COUNT SIX—VIOLATION OF WORKERS' COMPENSATION LAWS

82. Plaintiff re-alleges and re-avers paragraphs 1-29 as though full set forth herein.

83. Plaintiff brings this action under Florida Law prohibiting retaliation for filing or attempting to file a valid workers' compensation claim under Florida Statutes § 440.205.

84. At all relevant times, Defendant has been and is an "employer" as that term is defined by Chapter 440, Florida Statutes § 440.202.On or about May 13, 2015, ALLARDI was attacked by a customer while ALLARDI was working at the Fort Lauderdale – Broward Blvd. location.

85. On or about May 14, 2015, Plaintiff sought workers' compensation benefits for reimbursement of medical bills in accordance with the provisions of the Workers' Compensation Law.

86. On August 14, 2015, ALLARDI was terminated from his position without a valid reason. Prior to his injury, Plaintiff had received positive reviews and recommendations from his supervisor and was not made aware of any performance deficiencies.

87. It is clear that Defendant terminated ALLARDI because of his valid claim for compensation under the Workers' Compensation Law. Plaintiff's compensation claim was a motivating factor in Defendant's decision to terminate Plaintiff, in violation of Florida Statutes § 440.205, as evidenced by the lack of disciplinary action or prior warning of work-performance related issues.

88. Plaintiff's work record with Defendant prior to his termination was satisfactory.

89. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his rights under Florida Statutes § 440.205. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Michael Koroghlian and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

90. Any purported reason for Plaintiff's discharge given by Defendant is pretextual.

WHEREFORE, Plaintiff KEVIN ALLARDI demands judgment for:

a) Plaintiff's lost wages and/or benefits as a result of his termination;

b) Compensatory, liquidated, and punitive damages as allowed by law and upon a record showing proof thereof;

c) Interest on all monies owed;

d) Assessment against Defendant for those reasonable attorney's fees and costs incurred as a result of bringing this action as permitted by Florida statutes;

e) A trial by jury; and

15

f)   Any other relief this Court deems proper.

## **JURY TRIAL DEMAND**

Plaintiff KEVIN ALLARDI hereby demands a trial by jury on all issues contained herein so triable as a matter of right.

Dated:  June 17, 2016.

**LAW OFFICES OF CHARLES EISS, P.L.**
Attorneys for Plaintiff
7951 SW 6th Street, Suite 308
Plantation, Florida 33324
(954) 914-7890 (Office)
(855) 423-5298 (Facsimile)

By:   /s/ Charles Eiss
CHARLES M. EISS, Esq.
Fla. Bar #612073
ceiss@icelawfirm.com
LINDSAY M. MASSILLON, Esq.
Fla. Bar #92098
lmassillon@icelawfirm.com
NATHALY LEWIS, Esq.
Fla. Bar # 118315
nlewis@icelawfirm.com

16